TRIPP v. FISKE.

If any element of proof necessary to make out the plaintiff's case is wanting, it is the duty of the court, upon motion of the defendant, to enter a judgment of nonsuit.

*Error to County Court of Arapahoe County.*

TRIPP, the plaintiff in error, brought his action against Fiske, the defendant in error, before a justice of the peace, and recovered judgment for $168. Fiske appealed to the county court. Upon the conclusion of the plaintiff's testimony in the county court, the defendant moved for a judgment of nonsuit; the motion was sustained, and thereupon the plaintiff sued out this writ of error.

Messrs. SYMES & DECKER, for plaintiff in error.

Mr. THOMAS GEORGE, for defendant in error.

THATCHER, C. J. The day has gone by when courts will refuse to enter a judgment of nonsuit upon motion of defendant, when the plaintiff has failed to introduce sufficient evidence in a case tried by a jury to support a verdict for the plaintiff, and in a case tried to the court, to warrant a finding and judgment in favor of the plaintiff. *Wheelton* v. *Hardisty*, 92 E. C. Law, 262; *Ryder* v. *Wombwell*, Law Rep., 4 Exchequer, 38; *Commissioners, etc.,* v. *Clark,* 4 Otto, 284.

If he upon whom the burden of proof rest falls short in any essential particular; if any element of proof necessary to make out his case is wanting, upon motion of the defendant, it is the duty of the court to enter a judgment of nonsuit.

In the case before us the court might on motion, when the plaintiff rested his case, have gone further, and rendered final judgment for the defendant upon the merits.

That the court might have rendered a judgment that would be a bar to another action, but instead thereof, entered only a judgment of nonsuit, certainly affords to the plaintiff no ground of complaint.

So meagre and unsatisfactory is the evidence that is pertinent to the plaintiff's right to recover, that the court below was, as this court certainly is, unable to say that the plaintiff's case was made out.

*Judgment affirmed.*