chief, are questions of fact to be determined in each case as it may arise.

The provision in this decree should enjoin the appellant from making, constructing or building any obstruction in the bed of the river in the vicinity of the headgate of said mill-ditch as originally located, which shall damage or seriously endanger the lands and property of the defendant Heiderer.

As regards the appellee's title, it is not in dispute, nor is it an issue in the case. No one is here claiming adversely to him. The cross-bill alleges title and possession, and the demurrer admits the allegation to be true. The appellant having elected to abide by his demurrer, the court had jurisdiction to award affirmative relief upon the cross-bill. High on Injunctions, Secs. 461; 516.

The cause is remanded with instructions to the district court to modify the decree in conformity with this opinion.

The costs of the appeal will be taxed to the appellee.

*Cause remanded.*

---

GIVENS v. WHEELER, Administrator of the estate of Van Denberg.

Upon leave to amend, the plaintiff may not state in his complaint an entirely new cause of action.

*Error to District Court of El Paso County.*

THE complaint in this case substantially alleges that " defendant, May 1st, 1880, sold and conveyed to plaintiff a certain ranch, with all the improvements thereon, plaintiff paying defendant therefor $1,100.00. That defendant covenanted in his deed to plaintiff that he had good right and full power to sell the same and was well seized thereof as of good, sure and

absolute title." The complaint also alleges " that at the same time defendant was not well seized as of sure and good title, nor did he then, before or since have such right or power, and that defendant did not have any right or title to the same, either legal or equitable."

The answer " admits the conveyance as alleged, and denies that at the time of making said conveyance defendant had no title or right to convey said land. Defendant pleads that he had made final payment to the United States for the tract of land described in his deed, and transferred to plaintiff his receipt therefor containing description of land same as in the deed."

The plaintiff in his reply alleges, " that defendant told him, before he purchased, that the fractional parts of Section 29, mentioned in said receipt, covered the ranch on which he had made improvements, which was the land he traded for. That the ranch he purchased was not covered by said fractional parts of Section 29, and that they covered a different tract of land, that was worthless and without improvements, that he neither bought nor wished to buy. That he traded for and paid for one tract of land, and defendant conveyed to him another."

Plaintiff alleges in his amended complaint, " that while they were treating about the sale of the ranch, defendant informed him that the same was covered by the fractions of Section 29, mentioned in said receipt, and relying on his statements, he accepted a deed for the ranch containing a recital of same fractions, and paid said sum of money as the price of the ranch. That the ranch is not covered or embraced by the recitals of the deed, which covers another and different tract from the one he desired and bought, and which is worthless."

The replication was stricken out upon motion in the district court, as well also the amended complaint, and judgment of dismissal finally entered. Upon these matters error is assigned in this court.

Mr. JOHN B. COCHRAN, for plaintiff in error.

Givens v. Wheeler, Adm'r, etc.

Mr. WILLIAM HARRISON, for defendant in error.

*Error to District Court of El Paso County.*

ELBERT, C. J. The amended complaint in this case was bad, in that it stated an entirely new cause of action. This is not allowable either at common law or under the Code. Bliss' Plead. Sec. 429, and cases cited.

The replication was vicious for the same reason. The judgment of the court below is affirmed with costs.

*Affirmed.*