## UNION PAC. R'Y CO. v. STERNBERG.

### RAILROAD COMPANIES — STOCK-KILLING CASES.

1. STATUTORY ACTION FOR DAMAGES — ADDING A NEW CAUSE OF ACTION ON APPEAL.— Where a statutory action against a railroad company for stock killing was brought before a justice of the peace under the General Statutes, chapter 93, division 5, and defendant appealed to the county court, it was error to allow plaintiff to amend in that court by adding a count for damages to grass land caused by fire, that being a new cause of action and requiring different proof from the statutory action.

2. PROOF OF STATUTORY REQUIREMENTS NECESSARY TO AUTHORIZE JUDGMENT.— A judgment for plaintiff in the statutory action cannot stand where there was a total failure of proof of compliance with the provisions of section 3 in regard to loss, ownership and appraisement of the value of the animal before the commencement of the action.

3. NONSUIT — WHEN ERROR TO DENY MOTION.— It is error to overrule a motion for nonsuit when there is an utter want of evidence to establish a cause of action.

| | |
|---|---|
| 13 | 141 |
| 4a | 549 |
| 13 | 141 |
| 7a | 129 |
| 13 | 141 |
| 23 | 394 |
| 13 | 141 |
| 25 | 240 |
| 11a | 189 |
| 13 | 141 |
| 13a | 515 |
| 13 | 141 |
| 27 | 150 |
| 13 | 141 |
| 36 | 532 |

*Appeal from Boulder County Court.*

ACTION for damages to stock, brought by D. K. Sternberg against the Union Pacific Railway Company. Verdict and judgment for plaintiff on appeal to the county court, and defendant appeals.

Messrs. TELLER & ORAHOOD and Mr. E. R. FRENCH, for appellant.

Mr. D. BARTLETT, for appellee.

REED, C. This suit was brought before a justice of the peace to recover the value of a heifer said to have been worth $75, killed or injured by a train of defendant. A bill or account was filed with the justice of the peace, but no complaint in writing. The defendant entered a special appearance and filed what was called a "plea and motion," in the nature of a plea in abatement, which was overruled. ' Trial proceeded *ex parte*, and judgment for plaintiff for $125, and costs amounting to $28.30. An appeal was taken to the county court, where the same plea and motion was interposed, and it was there overruled. Defendant excepted to the ruling, and a bill of exceptions was signed. The trial proceeded before a jury of three. Some testimony was given on the part of plaintiff, and the witnesses cross-examined by defendant, but no testimony offered on the part of the defendant. Verdict for the plaintiff for $151. Motion in arrest of judgment and for a new trial, which was overruled, and judgment on the verdict.

This suit was instituted under chapter 93, division 5, General Statutes. No proof of negligence was offered, and no attempt to enforce the remedy at common law. To recover under the statute plaintiff was required to make proof of compliance with the provisions of section 3 in regard to loss, ownership and appraisement of value of the animal before the commencement of the suit. *Railway Co. v. Henderson*, 10 Colo. 1.

On the day of the trial in the county court plaintiff was allowed to amend the bill or account filed by adding $50 for the burning over of grass land. This was a new cause of action, requiring different proof and a different defense from the original statutory action. It was error to allow it. *Givens v. Wheeler*, 5 Colo. 598.

The court also erred in overruling defendant's motion for a nonsuit. The evidence was clearly insufficient to warrant the jury in finding a verdict. It was not a question of weight or preponderance of evidence, but an utter want of evidence on material matters necessary to be proved to establish a cause of action. As to the burning of the grass land, there was not only no evidence of negligence, but no evidence connecting the defendant with the burning, and the jury could only have found the facts by inference or presumption. The cause should be reversed, and remanded for a new trial.

PATTISON and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*