Bissell, P. J.,
delivered the opinion of the court.
This is an action for personal injuries, brought by Wanner against Kindel, the operator and owner of a mattress factory in Denver. Wanner was employed in 1889 about the factory, and his duties were to saw logs into suitable lengths for reduction into fiber to be used in the manufacture of mattresses. The sawing was done in the ordinary way by a circular saw running in a frame on which the table rested where the logs were laid to be cut. The table had an opening in it through which the saw ran and the dust fell, and on the top of it there were a couple of iron posts or legs, against which the log rested. The log was forced up against the saw by the propulsion of the table in the right direction by a lever operated *169 by the sawyer with one hand, while with the other the log was apparently held against the uprights. Wanner was furnished a helper who aided him in holding the logs. On the morning of the accident, Wanner and his helper had for some little time been bringing the logs into the saw house. Snow-had fallen on the timber and partially melted, so'that the logs were more or less covered with slush and icy material. The two men swept off the logs as they were brought in, and apparently had cleaned a couple of loads prior to the accident. They were cleaning the last load, when the proprietor came along, and endeavored to hasten them in their work— his directions substantially being that they were not to take so much time in cleaning the wood, but to go over it quickly because some blocks were needed for “ Excelsior.” This was the only order he gave, and when he gave it and before they commenced sawing .he left the house. According to Wanner’s testimony, as soon as Kindel had given this direction, they took the last logs without thoroughly cleaning them and commenced to saw them up. They had sawed several logs, and were sawing another when Wanner was hurt. When the log was about four feet long and a block was being cut off, Wanner’s index finger came in contact with the saw, was badly cut, and at the time of the trial had become stiffened. This was the injury complained of. The evidence is not clear as to the proximate cause of the accident. The log was shown to be somewhat slippery and icy; but there is nothing to prove that this condition was the occasion of the accident. The saw evidently caught on something in the log, and the motion of it brought Wanner’s hand, which must have been exceedingly close to the saw, in front of it. But neither he nor his helper testify directly that this happened because the log was icy. They gave some testimony in that direction, and left room for the inference that it might have happened because of this condition, but this fact was very far from being satisfactorily established by the proof.
Much learning was expended in the argument in the discussion of the .question, when and to what extent an employee *170 may rely upon the orders of his employer in putting himself in a place of danger, and be not thereby barred a recovery for injuries which he has sustained, if the risk was patent to the ordinary observation of the workmen. We do not regard this question as being at all involved in the present case. Whether the contentions of counsel in respect of this matter are entirely accurate, or with what limitations the doctrine should be expressed is wholly unimportant. If the case comes plainly within that class of risks which the employee may take in obedience to an order and still have a cause of action in case of an injury, it is fundamentally necessary that it be satisfactorily shown that the injury happened because of the legally imputable negligence of the master in giving the order. It is always incumbent upon the plaintiff to prove that his injury resulted from the negligence of the master. In the present case there is nothing in the record to show that the master was at all negligent. The machinery was entirely safe, fit and proper for the work, and the employer gave no order which can be legally adjudged to establish negligence on his part. His sole command was to proceed quickly, and not waste so much time in cleaning the logs. He did not direct the employees to saw them without removing the ice, nor did he in any wise so order them to proceed as to preclude them from the exercise of due care to put the logs in proper shape to be cut up. The blocks were needed in other parts of the factory, and the master enjoined speed as he had the right to do. There was much material on hand from which the ice had been taken, and with some care on the part of the employees this evidently could have been used before the last lot was resorted to. The plaintiff introduced no other evidence to prove the negligence of the employer, and on the conclusion of the case the defendant moved for a nonsuit, which was granted. The power of the court to grant a nonsuit in a case of this description, when upon the whole case made a recovery could not be maintained, is too well settled to require discussion. We agree with the court in its conclusions and deductions from the testimony, and do not *171 believe* that the plaintiff established a case which entitled him either to go to the jury or to recover.
Since the action of the court is in entire harmony with our views, the judgment must be affirmed.

Affirmed.