Wilson, J.,
delivered the opinion of the court.
Plaintiff brought this action to recover damages for personal injuries alleged to have been received by him through the negligence of the defendant company, while he was a passenger on one of its electric street cars in Denver. At the trial, plaintiff testified in his own behalf, and there was also one other witness, who however did not see the accident, and whose testimony was not material as to the main point in issue. At the conclusion of the testimony offered by plaintiff, the court upon motion of defendant granted a nonsuit.
At the time of the accident, plaintiff was sixty-nine years of age. It appears from his testimony that about eleven o’clock at night, he boarded a Broadway electric car with the intention of alighting at Curtis street where it intersects Fifteenth street. Two cars were coupled together, the first or motor car being a closed one, and the second an open coach. Plaintiff took his seat in the motor car near the forward end. Upon reaching Curtis street at its easterly side, the car slackened its speed, and the plaintiff thinking it would stop, rose and walked to the rear platform for the purpose of getting off. When he reached the platform, the speed of the car was somewhat accelerated, and the plaintiff thinking that there was no intention of coming to a full stop, stepped on to the lowest step of the platform, and was in the act of stepping to the ground, when the conductor cried to him to stop, and at the same time seized him by the arm. He says that being in the act of stepping off, he had gone too far to stop and the result was that he fell. The conductor, still remaining upon the platform, clung to him for some little distance, and the plaintiff rolling under the step of the *189 trail car, had his leg scraped and injured by an iron bolt which projected through the step for a distance of about an inch. Plaintiff charges negligence on account of his seizure by the conductor, which he says caused him to fall, and also negligence in the construction of the car by allowing the bolts to extend through the step of the trailer.
It is needless to discuss or cite authorities in support of the proposition that a trial court may in any proper case grant a nonsuit. It has been repeatedly affirmed by numerous decisions of this court and of the supreme court, and the power is expressly given by the code. Code, section 166. The only question to determine is when a proper case arises for the exercise of this power. No general rule can be laid down which can be made applicable in all of its details to every case in such a manner as to relieve the trial court of any discretion. The rule, however, is by no means as broad in its scope as contended by plaintiff. It is not necessary that there should be an absolute want of all evidence in order to justify the trial court in exercising the power. The better rule is, and one which is well sustained and firmly settled not only by reason but by the great weight of authority, that when it appears to the court, looking at the evidence in the most favorable light for the plaintiff in which the jury would be at liberty to view it, that there is no evidence which would justify or support a verdict for him, then it is not only the privilege but the duty of the court to sustain a motion for nonsuit; Schwenke v. Union D. R. Co., 12 Colo. 345; Lord v. Pueblo S. & R. Co., 12 Colo. 393; U. P. Ry. v. Sternberg, 13 Colo. 141; Moffat v. Tenney, 17 Colo. 191; Stratton v. U. P. R. R. Co., 7 Colo. App. 129; Wanner v. Kindel, 4 Colo. App. 170. In actions of this kind, it devolves upon the plaintiff in the first instance to make out a prima facie case in his favor, showing that his injuries resulted from the negligence of the defendant. If he fails in this, or if it should affirmatively appear from his own evidence that a lack of due prudence upon his part was the proximate cause of his injury, it is the duty of the court upon motion for nonsuit, to *190 decide as a question of law that the action, cannot he maintained. Behrens v. K. P. Ry. Co., 5 Colo. 404. In this case the evidence wholly failed to make a prima facie showing of any negligence on the part of defendant so far as the construction of the car was concerned. The effort of the plaintiff to bring the case within the rule laid down in Wall et al. v. Livezay, 6 Colo. 465, cannot be sustained. The court there held that in order to entitle a passenger to recover against a carrier, he must prove that he received the injuries while upon the coach or road of the carrier, and that the same were occasioned by the negligence of the carrier. The court said that a prima facie case is made out by proof that the relation of carrier and passenger existed between the parties; that an accident occurred resulting in injury to the passenger; and that it was occasioned by the failure of some portion of the machinery, appliances or means provided for the transportation of the passenger. In this case, it was not only not shown that the accident was occasioned by failure of any portion of the machinery or appliances of the car, but there was no attempt to show it. It appeared that the bolt which was the immediate cause or means of the injury to plaintiff was used to support the step so that passengers might enter or depart from the car, and that the projection complained of was underneath the step, where it could not possibly interfere with the ingress and egress of passengers. It could no more be said to be a negligent construction than would be the wheels under the car by which it was moved. Simply because the plaintiff was injured by the bolt does not raise a presumption nor make a prima facie case of negligence in construction. Especially is this true, there being no contention nor proof that any accident which resulted in injury was caused by the failure of any of the machinery or appliances of the car. The bolt did not cause the plaintiff to fall. ISTor is it to be presumed that the obligation rests upon the carrier to so construct his cars that no injury can be inflicted upon a person who gets underneath a moving car. If it be possible to raise such a presumption, it must *191 be done by testimony offered in tbe first instance by the party who seeks to show or rely upon it.
That the mere act of alighting from a moving car is not negligence per se is well settled by the weight of authority. This has been declared to be the rule in this jurisdiction by a recent decision of our supreme court, and further that the question as to whether the act is or is not negligent is one of fact for the jury to determine. Denver Tramway Co. v. Reid, 22 Colo. 362. It is true the court says the rule is subject to some exceptions, but manifestly these exceptions must be in cases where the attendant circumstances clearly stamp the act as negligent. Chief among these circumstances necessary and important to be considered are the manner in which the act was attempted to be performed, and the rate of speed at which the car was moving at the time. If the evidence should disclose that the passenger was heavily incumbered with packages or bundles, so as to palpably impede his movements, and it could be reasonably inferred that by reason of this the accident happened, or if his manner of alighting,— by jumping, for instance, — was such as to clearly indicate that it was the direct cause of the injury, or if the car was running at such a high rate of speed as to make it manifest that the act would probably result in personal injury, it is obvious that a state of facts would have been shown stamping the act as unmistakably negligent, and there would be no necessity for submitting it to a jury for its determination. In the case at bar, the evidence before the court and-upon which it granted a nonsuit, did not show anything as to the manner of plaintiff in attempting to alight, by which a claim of negligence could be sustained. Nor was there any testimony to show that the car was moving at a rate of speed from which it could be reasonably or at all inferred that the act of alighting would in consequence thereof be dangerous, and probably result in injury to the passenger. On the contrary, the testimony of the plaintiff was that at the time the car “was running very slow,” and that he had gotten off before “when it was going a good deal faster.” The only other witness *192 who testified said that “the ears were moving slowly,”— under these circumstances and with this evidence we do not think that the trial court looking at the testimony in the most favorable light for the plaintiff in which a jury would have been at liberty to consider it, was justified in concluding as a matter of law that plaintiff was shown to have been guilty of negligence which directly contributed to lfis injury and therefore barred his right to a recovery.
Assuming however that the evidence warranted the conclusion that the act of plaintiff in attempting to alight at the time and in the manner which he did was negligent, the judgment of nonsuit was erroneous upon another ground. It is a well-settled rule of the law of negligence, affirmed by repeated decisions of this court, of our own supreme court, and of the supreme court of the United States, that even though an injured party may have been guilty of negligence, this does not necessarily defeat his right to recover damages. Notwithstanding the injured party may he chargeable with negligence without which he would not have received the injury complained of, yet, if the defendant, with knowledge of his exposed situation, did not exercise reasonable care and prudence to avoid the consequences of his negligence, a recovery may nevertheless he had. Denver, etc., Transfer Co. v. Dwyer, 3 Colo. App. 411; Kansas Pacific Railway Co. v. Cranmer, 4 Colo. 525; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 558; R. R. Co. v. Harmon, 147 U. S. 583.
On the same principle, and with equal if not more reason, a recovery will not be precluded if, instead of an act of omission, the defendant, with knowledge of plaintiff’s exposed and dangerous situation, without the exercise of reasonable care and prudence commits an act which increases the danger and which it can he reasonably inferred was the immediate cause of the accident, and without which the injury might not have been occasioned.
Plaintiff testified positively that it was the act of the conductor in seizing and holding to him which caused him to fall and suffer the consequent injury. This might or might *193 not have been true, but there was no other evidence ón the point, and there was nothing in the character of the act nor in the attendant circumstances as shown, from which the court could reasonably draw the inference that plaintiff’s contention was not correct, nor well founded. Defendant might have shown sufficient to have justified such a conclusion, but it did not do so.
We are aware that the law has such a high regard for human life that it will not ordinarily impute negligence to an effort to preserve or even to protect one from great personal injury. Such an act may however become negligent in the eyes of the law, even though there be no question as to honesty of purpose, if done under such circumstances as to constitute rashness, or manifest great want of care and caution in the judgment of prudent persons. Before, however, this principle of the law could have been invoked in behalf of defendant, it was necessary to have first shown with reasonable certainty the state of facts upon which alone it could have been based. It did not sufficiently appear from the evidence on which the court granted a nonsuit that the plaintiff was in imminent or serious danger in attempting to alight from the moving car, nor that there was even such apparent danger as. to excuse or justify the act of the conductor, nor that the conductor’s act was not made negligent by a careless, imprudent or reckless manner of performance. All of these things may be shown by the further introduction of testimony, but none appear from the evidence in the record with sufficient clearness and certainty to sustain a judgment of nonsuit.
For these reasons the judgment will be reversed and remanded for further proceedings in accordance with the views herein expressed.

Reversed.