#### [No. 1465.]
### STAAB v. THE BORAX SOAP CO.

1. CONTRACTS—MEASURE OF DAMAGE.

The measure of damages for breach of contract for sale of chattels by failure of the vendor to deliver the goods, is the difference between the market value at the time and place of delivery and the price contracted to be paid.

2. CONTRACTS—MEASURE OF DAMAGES—BURDEN OF PROOF.

In an action for damages for breach of contract for sale of goods, by failure of the vendor to deliver the goods, the burden of proof is on the plaintiff to show that he has been damaged and the amount of such damages with reasonable certainty. If there is a failure in this respect, even though a breach of the contract is clearly shown the plaintiff could only recover nominal damages.

3. EVIDENCE—MARKET VALUE.

Where defendant contracted to sell a certain number of boxes of soap to contain a certain number of twelve-ounce bars at a certain price

per box, a letter of defendant in which it was stated that they did not manufacture twelve-ounce bars and that the price contracted was the lowest at which they could sell the ten-ounce bars, was not evidence from which the market value of twelve-ounce bars could be inferred.

4. EVIDENCE—MARKET VALUE—PRESUMPTIONS.,

In an action for damages for breach of contract for the sale of a number of boxes of soap to contain a certain number of twelve-ounce bars at a certain price per box, where the defendant testified that they did not manufacture twelve-ounce bars and that the price contracted was the lowest price at which they could sell ten-ounce bars, in the absence of any evidence as to the market value of twelve-ounce bars, the contract price will be presumed to be the market value and from the evidence the market value of twelve-ounce and ten-ounce bars was the same.

*Error to the County Court of Arapahoe County.*

Mr. R. D. THOMPSON and Messrs. LINDSEY & PARKS, for plaintiff in error.

Mr. W. L. HARTMAN, for defendant in error.

WILSON, J.

This was an action commenced before a justice of the peace to recover damages from the defendant company for its breach of the following contract:

"SANTA FÉ, N. M. October 22, 1894.

"Sold this day to A. Staab, Santa Fé, N. M., four hundred boxes, 100 bars each, each bar to weigh 12 ounces, Miller's borax soap, to be delivered at Santa Fé, not later than the twenty-fifth of November, 1894, at the price of three dollars and sixty ($3.60) cents per box, less 2 per cent for cash, after arrival and examination of goods, and we herewith agree not to sell these soaps either in Santa Fé, or Albuquerque, N. M., except through Mr. A. Staab, it being understood that quality and color of soap is to be the same as sample left with Mr. Staab.

(Signed)          "THE BORAX SOAP CO.,
                   "By E. B. THRUSH."

The defense of the company was that its traveling sales-man, Thrush, was not authorized to make the contract; that they did not manufacture nor sell twelve-ounce bars of soap; that they manufactured only ten-ounce bars, and these only was the salesman authorized to sell. Plaintiff claimed dam-ages in the sum of $280 for the nondelivery of the soap ac-cording to the contract. Trial was had in the justice court, and upon appeal to the county court, the latter found that the contract was legally binding on the defendant, and ren-dered judgment in favor of the plaintiff for $5.00, being for nominal damages only. To the amount awarded, plaintiff excepted, and brings the case here on error for review.

It is conceded to be the rule as contended for by plaintiff that when contracts for the sale of chattels are broken by the vendor failing to deliver the property according to the terms of the bargain, the measure of damages is the difference be-tween the contract price and the market value of the article at the time when it should have been delivered. Sedgwick, Measure of Damages, § 313; 1 Sutherland on Damages, § 46. It is equally true, however, and well settled, that the burden of proof is upon him who seeks to recover to show that he has been damaged, and the amount of such damages, and that this must be shown with reasonable certainty so that the court or jury in fixing the amount of compensation due to the plaintiff shall not be compelled to depend upon surmise or conjecture. If there is a failure in this respect, then even though a breach of the contract is clearly shown, the plain-tiff could recover only nominal damages. After a careful examination of the evidence produced on the trial of this cause, we think that this is the position in which the plain-tiff has been placed. The only testimony bearing upon the fact of damage to the plaintiff by reason of the breach of the contract, and of the amount of it, was that of the plaintiff himself, when in answer to a question he stated that he had suffered damages in the sum of $280. He did not state how this damage had been suffered,—whether it was from loss of sales, of profits, or otherwise, or whether it represented the

difference in the market price or value of the soap at the time
when it should have been delivered to him under the contract,
and the market value or price of it which he had contracted
to pay.    In fact, we fail to find in the record any testimony
whatever as to the market price or value of the twelve-ounce
bars of soap at Santa Fé at the time when under this con-
tract, the soap should have been delivered to plaintiff, out-
side of the contract itself.    It is ingeniously contended by
plaintiff, however, that the letters of the defendant company
which were offered in evidence show this market value.
These letters stated that $3.60 per box of 100 bars was the
lowest price at which they could sell and deliver ten-ounce
bars.    Plaintiff insists that the relative weight of twelve-
ounce bars being twenty per cent more than ten-ounce bars,
therefore the relative price would be necessarily that much
more.    He claims that the number of ounces in a box was
the unit and basis of the contract, and makes an elaborate
calculation showing the number of ounces of soap that would
be contained in 400 boxes, each of which held 100 bars of the
weight of twelve ounces, and of the ounces in the same num-
ber of boxes and bars of ten ounces each; and dividing the
sum to be paid for a box by the number of ounces so found
to be contained therein, the result is the price of an ounce.
There might be some ground for this contention if the con-
tract of sale was for so many ounces or pounds of soap, but
such is not the case.    It was for so many boxes.    It is true
that the contract specifies that the bars contained in the
boxes should weigh a certain amount, but there is no evi-
dence to show that the price or value of the twelve-ounce
bar was or ought to be twenty per cent more than the ten-
ounce bar.    For aught we know, the difference in price or
value might depend not so much upon the increased amount
of soap, as upon the difference in cost of moulds or manufac-
ture of the different sized bars.    To sustain the theory of
plaintiff, therefore, there being no evidence whatever as to
the difference in price or value, the court must resort wholly
to surmise and conjecture, which is not permissible under

any circumstances. Again, if the argument of plaintiff is upheld, it would defeat itself because the only evidence given of any market price or value at Santa Fé of twelve-ounce bars of soap is that contained in the contract upon which he sues, and in that the price and value is fixed at the same amount as the evidence shows ten-ounce bars of soap to have been worth at the same time and place. If left to surmise, we are not at liberty to disregard the price of twelve-ounce bars as fixed in this contract, any more than the price of ten-ounce as fixed in the letters of the defendant company. According to the only evidence preserved in the record, the market price and value of twelve-ounce and ten-ounce bars were the same. The trial court having found a breach of the contract by defendant, the plaintiff was entitled to recover but nominal damages only. There was no error in the judgment, and it will be affirmed.

*Affirmed.*