[No. 5520.]
[No. 3192 C. A.]

THE SCHON-KLINGSTEIN MEAT AND GROCERY COMPANY
v. SNOW.

</div>

1.    **Sales—Action for Breach—Damages—Burden of Proof.**

In an action by a buyer for breach of contract to deliver chattels, the measure of damages is the difference between the contract price and the market value of the articles when they should have been delivered, and the burden of proof is on plaintiff to show the amount of damages.—P. 540.

2.    **Same—New Suit.**

In an action for failure to deliver a specific grade of corn alleged to have been purchased, where plaintiff produced no evidence as to the market value of that grade of corn, defendant was entitled to a nonsuit.—P. 540.

3.    **Contracts—Sales.**

Plaintiff, in pricing different kinds of goods, asked the price of canned corn, and the party with whom he was talking made a price of $1.90 per case, stating that he had 125 cases; but plaintiff thought there were 200 cases, and stated that he would take the 125 cases, and 200 if there were that many. He then went away, and later, on the same day, returned and wrote his check for $50 as part payment, but was then informed that he could not have the corn at $1.90. Held, that there was no contract made for the purchase of the corn, but, at most, only negotiations looking to a sale.—P. 541.

*Appeal from the County Court of Pueblo County.*
*Hon. B. L. Gibson, Judge.*

Action by Fred M. Snow against The Schon-Klingstein Meat and Grocery Company. From a judgment for plaintiff, defendant appeals.

<div align="right">

*Reversed.*

</div>

Mr. M. J. Galligan, for appellant.

Mr. L. A. Richey, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

This case having originally been brought in a justice of the peace court, there were no written pleadings.

The action was brought to recover a judgment for damages alleged to have been occasioned by the failure of the defendant to deliver two hundred cases of Atlantic corn, which it was contended the plaintiff bought at the agreed price of $1.90 per case. There was a verdict and judgment for the plaintiff. This must be reversed because it is not supported by any testimony.

The plaintiff testified that on the 7th day of November, 1903, he went to defendant's place of business and, in pricing different kinds of goods, he asked the price of Atlantic corn. He was ''satisfied that the Atlantic corn was better than the other grade.'' The party with whom he was talking made a price of $1.90 per case, and stated that he had 125 cases. Plaintiff thought there were 200 cases, and said that he would take the 125 cases, and 200 if there were that many. He then went away and subsequently, and on the same day, returned to the store and wrote his check for fifty dollars as part payment for the corn. He was then informed that he could not have the corn at $1.90.

The only other witness for the plaintiff was Mr. Harford, a salesman for the McCord Mercantile Company. He stated that the value of standard corn upon the 7th of November, 1903, was $2.50 per case. He was not acquainted with Atlantic corn, knew nothing of it, and did not know what its market value was. This was all of the testimony introduced

by the plaintiff. There was no proof that Atlantic corn was one of the standard brands.

Defendant moved for nonsuit, which motion was overruled. This motion should have been allowed, because there was no evidence concerning the market value of Atlantic corn, and there was nothing to show that the plaintiff suffered any damage because of the refusal of defendant to furnish the corn at that price.

"When contracts for the sale of chattels are broken by the vendor failing to deliver the property according to the terms of the bargain, the measure of damages is the difference between the contract price and the market value of the article at the time it should have been delivered."—*Staab v. The Borax Soap Co.*, 12 Colo. App. 286; *Crystal Palace Flouring Co. v. Butterfield*, 15 Colo. App. 246; *Cofield v. Clark*, 2 Colo. 101.

After announcing the doctrine as above stated, the court, in the case of *Staab v. Borax Soap Co.*, says:

"It is equally true, however, and well settled, that the burden of proof is upon him who seeks to recover to show that he has been damaged, and the amount of such damages, and that this must be shown with reasonable certainty so that the court or jury in fixing the amount of compensation due to the plaintiff shall not be compelled to depend upon surmise or conjecture."

There being a total absence of any testimony introduced on behalf of the plaintiff showing that he was damaged, the motion for a nonsuit should have prevailed.

Upon the overruling of the motion for a nonsuit the defendant introduced testimony, upon an inspection of which it becomes apparent that the plaintiff had no cause of action against the defendant. On behalf of defendant there were two witnesses who

testified as to the market value of Atlantic corn upon the date of the alleged contract, each of whom said that it was worth from $1.65 to $1.75 per case, and this is the only testimony which shows the market value of the corn at that time. An inspection of the entire testimony introduced on behalf of plaintiff and defendant as well, shows conclusively that there was no contract made for the purchase of the corn. The most that can be said is that there were negotiations looking to a sale; that one of the members of the defendant company first made a price on the corn of $1.90, and that afterwards, upon the same day and before the sale was concluded, the defendant declined to sell it for that price. The check which was written by plaintiff was never delivered to the defendant or received or accepted by it; so that the verdict of the jury in this case is absolutely without any testimony to support it, and the court should have directed a verdict for the defendant.

Where there is no evidence upon which the verdict can be sustained, the judgment based upon such verdict must be reversed.—*Hassell Iron Works Co. v. Cohen et al.,* 36 Colo. 353; *Robeson v. Miller,* 4 Colo. App. 313; *Clammer v. Eddy,* 41 Colo. 235.

For the reasons above stated, the judgment of the county court will be reversed.          *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.