## No. 9609.

## HOOVER v. SHOTT.

1. TORT—*Damage—Non-suit.* One complaining of a tort and failing to show any damage therefrom is properly non-suited.

2. DAMAGES—*Measure of,* in an action for the destruction of a growing crop, is the value of the crop at the time and place of the injury.

The evidence examined and held insufficient to establish the damages occasioned by the tort complained of.

3. EVIDENCE—*Expert Testimony.* One called to give an opinion as to the value of property must be shown to have had means to form an intelligent opinion upon the matter.

Whether a witness offered for such purpose shall be permitted to give his opinion is largely within the discretion of the Court.

*Error to Mesa County Court, Hon. N. C. Miller, Judge.*

Mr. W. S. FURMAN, for plaintiff in error.

Messrs. WALKER & HECKMAN, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

PLAINTIFF in error originally instituted this action before a Justice of the Peace, from the judgment of whom, in her favor for $90.00, she appealed to the County Court of Mesa County. At the trial in that court, at the conclusion of her evidence, a non suit was entered, from which judgment she brings error.

The facts in the case, as nearly as they can be determined from the defective record and the unsatisfactory brief of plaintiff in error, appear as follows: The plaintiff is the owner of a tract of land in Mesa County, upon a part of which was located a vineyard. A fire was started upon the land of the defendant, immediately adjoining, by the defendant, or her servants, which fire was alleged to have been permitted negligently to escape in the wake of a strong wind to the vineyard of plaintiff, where it destroyed and injured the vines upon approximately two and one-half acres.

At the trial, the negligence and liability of the defendant were *prima facie* established, but the court rejected or struck out the testimony of all the witnesses by whom the plaintiff sought to prove damages, on the ground that the witnesses were not shown to be competent to testify as to

the value of the land either before or after the fire, or as to the extent of the damage measured without reference to the land value. If the court did not err in rejecting such testimony, the plaintiff, when she rested her case, had established a cause of action but had failed to show any damage, which was an essential part of her case, and consequently a non suit was proper. *Schon-Klingstein Co. v. Snow,* 43 Colo. 540, 96 Pac. 182; *Tripp v. Fiske,* 4 Colo. 24; *Stratton v. U. P. R. R. Co.,* 7 Colo. App. 126, 42 Pac. 602; *Smuggler Union Co. v. Kent,* 47 Colo. 320, 112 Pac. 223.

The plaintiff sought to establish two elements of damage: First, the value of the crop of grapes that was destroyed by fire; and second, the permanent injury to the land occasioned by the fire. The correct measure of damage for the first element was the value of the crop at the time and place of destruction. *Colo. Con. L. & W. Co. v. Hartman,* 5 Colo. App. 150, 38 Pac. 62; *North Sterling Irr. Dist. v. Dickman,* 59 Colo. 169, 49 Pac. 97; *Roberts v. Lehl,* 27 Colo. App. 351, 149 Pac. 851. In the *Colo. Con. L. & W. Co. v. Hartman* case, *supra,* it was said: "Upon principle this would seem to be the true rule of compensation—the value of the crops at the time of their destruction. * * * The trouble is in arriving at the value of an immature growing crop. If it had an established market value, the task would be an easy one; as it has not, the value and evidence establishing it is more or less speculative, and a crop before maturity is subject to so many possible injuries, that great care should be exercised not to give it a prospective or speculative value. But in order to establish the value at the time of the destruction courts are compelled to resort to several methods of computation, and either, or all combined, may afford a fair basis. One might be a year's rental value, with the cost of planting and bringing forward the crop until the time of its loss; another, what the crop would bring in its immature state at a sale; and a third, the proof of the average yield and the market value of crops of same kind planted and cared

for in the same manner, less the cost of maturing, harvesting and marketing. While neither would afford positive proof, they would all seem to be proper, and the only way by which a jury could get the necessary data upon which to base a verdict."

In the case at bar, the plaintiff established the number of vines that had been destroyed, and an estimate of the average yield per vine, with the approximate market value of other grapes upon maturity that same year, evidently in an effort to follow the third method of proof mentioned in the Hartman case, supra. But there was an entire absence of any proof of the cost of maturing, harvesting and marketing. In addition, there was testimony that, subsequent to the fire, and prior to the time of maturing, some of the grapes and vines which were not injured by the fire had been destroyed by frost. It was not shown whether the burned portion would have suffered the same fate, in all probability, had it escaped the fire, but the testimony resulted in leaving the question as to the probability of the crop maturing at all in a decidedly uncertain state. Under these circumstances, the only value the jury could have determined from the evidence before them was the value of the destroyed crop at maturity, which would not have been the proper measure of damages, as seen in the cases cited above.

As to the second element of damage, the plaintiff herself and three other witnesses were introduced to establish the value of the land immediately before and immediately after the fire, the difference between which values was a proper element in the measure of damages. *Mustang Co. v. Hissman,* 49 Colo. 311, 112 Pac. 800; *Colorado Springs Co. v. Albrecht,* 22 Colo. App. 201, 123 Pac. 957. The plaintiff testified that she did not know the value of the land at either time. The court excluded the testimony of the other three witnesses as to value, on the ground that they were not shown to be competent to testify in that regard.

The rule as to the competency of witnesses to state an opinion concerning the value of property is stated in *Butsch*

v. *Smith,* 40 Colo. 64, 69, 90 Pac. 61, where it is said, quoting from Rogers on Expert Testimony, § 152: "Whenever it is desired to have the opinions of a witness on the subject of value, it is always necessary whether the witness is offered as an expert or not, to lay some foundation for the introduction of his opinion, by showing that he has had the means to form an intelligent opinion, 'derived from an adequate knowledge of the nature and kind of property in controversy, and of its value.' "

As in that case, it is clear that no one of the witnesses called by plaintiff for this purpose, qualified as an expert, and it is equally clear that the testimony of all three of them on this point was incompetent, as not being based upon an adequate knowledge of the property in controversy or its value, or the means of forming an intelligent opinion.

It is said in *Rimmer v. Wilson,* 42 Colo. 180, 184, 93 Pac. 1110, that: "The sustaining or overruling of objections to testimony of witnesses as to the value of property which is in almost universal use, when such objections are based upon the qualification of the witnesses to answer the question, is a matter largely within the discretion of the trial court."

In the case of *Insurance Co. v. Ross Lewin,* 24 Colo. 43, 53, 51 Pac. 488, 65 Am. St. 215, the case of *Stillwell & Bierce Mfg. Co. v. Phelps,* 130 U. S. 520, 9 Sup. Ct. 601, 32 L. Ed. 1035, is cited, from which the following is quoted with approval: "Whether a witness called to testify to any matter of opinion, has such qualifications and knowledge as to make his testimony admissible, is a preliminary question for the judge presiding at the trial; and his decision is conclusive unless clearly shown to be erroneous in matter of law."

It is quite evident that the trial court, in excluding the testimony of the witnesses as to the value of the land, did not abuse the discretion vested in him, and this court, consequently will not disturb his ruling.

It may well be said in this case as in *Tripp v. Fiske,* supra: "So meagre and unsatisfactory is the evidence

that is pertinent to the plaintiff's right to recover, that the court below was, as this court certainly is, unable to say that the plaintiff's case was made out."

Judgment affirmed.

Garrigues, C. J., and Denison, J., concur.