YORK v. FORTENBURY ET AL.

| | |
|---|---|
| 15 | 129 |
| 8a | 547 |
| 15 | 129 |
| 33 | 533 |

1. VARIANCE BETWEEN PLEADING AND PROOF.— An answer alleging a joint loan to both plaintiffs is not sustained by proof of a loan to one of them individually.
2. WHEN EVIDENCE NOT REVIEWABLE UPON APPEAL.— Where the record on appeal does not contain all the evidence, an objection that the judgment is not sustained by the evidence will not be considered.

*Appeal from Superior Court of Denver.*

Messrs. W. B. HERR and W. W. COOKE, for appellant.

Messrs. STUART BROS. & ANDREWS, for appellees.

CHIEF JUSTICE HELM delivered the opinion of the court.

Appellees brought suit against appellant for work and labor done at appellant's instance and request. The answer, after putting in issue all the material averments of the complaint, concluded with a counter-claim in the following words: "That defendant lent to the plaintiffs, at their special instance and request, the sum of $500; that they have not paid any part thereof."

The cause was tried to the court without a jury. Ap-

pellant's counter-claim was disallowed, and judgment was rendered in favor of appellees for $240 and costs.

A reversal is asked upon the ground that the judgment is not sustained by the evidence. In the first place, there is not a total absence of proofs to support a matter essential to appellees' recovery. The testimony is in some particulars conflicting, but the judgment is not so inconsistent with the great preponderance thereof as to justify interference by this court. Besides, in view of the fact that the record before us does not purport to contain all the evidence, we would, in any event, decline to consider favorably the present objection.

The principal ground urged, however, in support of a reversal, is the exclusion of appellant's testimony offered to establish her counter-claim. The action was brought by two parties, Fortenbury and Carson, as co-plaintiffs. The answer averred a joint loan to the plaintiffs. The proof rejected showed that the loan in question was made to Fortenbury individually, Carson deriving no benefit therefrom, and not being in any way connected therewith. The allegation of a loan to both plaintiffs is not sustained by proof of an individual loan to one of them. There was, therefore, such a variance between the pleading in question and the proof offered as justified the court's rejection of the latter.

In view of the foregoing conclusion it is not necessary to discuss the further specific point made in the briefs that the individual debt of a partner cannot be set off against a firm demand in suit by the firm, or the exceptions to this rule, relied on by opposing counsel. The judgment of the court below is affirmed.

*Affirmed.*