[No. 5085.]
[No. 2655 C. A.]

LIVESAY, ADMINISTRATOR, ET AL. v. THE FIRST NATIONAL BANK OF DENVER ET AL.

1. **Pleading—Complaint—Answer—Admission.**
   Where a complaint for wrongful taking and conversion sets up that defendants wrongfully took the chattels described from plaintiffs and converted them to their own use, an answer which denies that defendants or any of them took the chattels described when they were in the possession of the plaintiffs or in any manner as alleged in the complaint, and which further sets forth separate levies in favor of each of the defendants, does not admit a joint taking.—P. 530.

2. **Torts—Joint Tort Feasors—Execution and Attaching Creditors.**
   The fact that several execution and attaching creditors gave to the sheriff separate and independent indemnifying bonds did

not tend to prove, in a joint action against them for alleged
wrongful taking and conversion, that by thus ratifying the acts
of the sheriff each defendant thereby made itself a joint tort
feasor with the other defendant.—P. 531.

3.  **Practice in Civil Actions—Pleading Answer—Joint Liability
of Defendants.**

The mere fact that defendants, charged with joint liability,
file a joint answer has no weight as evidence to prove such joint
liability in the absence of proof of other acts or facts which
would show such joint liability.—P. 531.

4.  **Practice in Civil Actions—Setting Aside Verdict—Directing
Verdict.**

Section 217, subdivision 6, Mills' Ann. Code, authorizes the
court to set aside a verdict when the evidence is insufficient to
sustain it, and it is well established by the appellate courts of
this jurisdiction that the trial court is justified in directing a
verdict for the defendant for the same reason.—P. 532.

5.  **Torts—Joint Tort Feasors—Evidence—Joint Liability.**

A failure to prove the joint liability of all the defendants, in
an action against them as joint tort feasors, is a failure to prove
the cause of action alleged.—P. 532.

6.  **Torts—Joint Tort Feasors—Acts Constituting—Directing Ver-
dict.**

Where two or more parties act each for himself and inde-
pendently of each other in a proceeding, the results of which
may be injurious to another, they cannot be jointly held liable;
and in an action against them for such joint liability, proof of
separate and distinct liens or trespass is fatal to the cause of
action and warrants the court in directing a verdict for defend-
ant.—P. 534.

*Error to the District Court of Arapahoe County.
Hon. John I. Mullins, Judge.*

Action by J. McD. Livesay, administrator of the
estate of Edwin P. Estes, Alva C. May, administra-
tor of the estate of Moses G. Palmer, and The Post
Printing and Publishing Company v. The First
National Bank of Denver, the J. P. Smith Shoe Com-
pany, Alexander Little, George E. Noyes, and Frank
Maxwell, copartners, doing business as Little, Max-
well and Company, and Edward Chesley and Wil-
liam A. Ruggs, copartners, doing business as Ches-

ley and Ruggs. From a judgment for defendants, plaintiffs bring error.                    *Affirmed.*

Mr. GEORGE N. HURD and Mr. HALSTEAD L. RITTER, for plaintiffs in error.

Mr. CHARLES J. HUGHES, JR., and Mr. GERALD HUGHES, for defendant, The First National Bank.

Messrs. BICKSLER, BENNETT & NYE, for defendants, Chesley & Ruggs.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action brought by M. G. Palmer, Edwin P. Estes and The Post Printing and Publishing Company, as plaintiffs, against the appellees, for damages alleged to have been sustained by plaintiffs by reason of the wrongful taking and conversion by the defendants of a stock of goods alleged to have been, at the time of the taking, the property of plaintiffs, and in the possession of their agent under and by virtue of the terms of a chattel mortgage given to secure pre-existing indebtedness due plaintiffs.

The complaint alleged substantially, that March 1, 1897, Charles A. Estes was the owner and in the possession of property, and on that day was indebted to plaintiffs in certain amounts evidenced by promissory notes, to secure the payment of which he executed a chattel mortgage upon the property, which was duly filed for record, and on the same date the property was taken possession of by the agent of the mortgagees; and while the property was so in the possession of plaintiffs, the defendants wrongfully and unlawfully took possession of same and converted same and the proceeds of sale thereof to their own use.

The defendants, by a joint answer, denied the material allegations of the complaint; justified the

taking of the property by the sheriff under several writs of execution and attachment against the property of Charles A. Estes issued upon judgments and in suits pending against said Estes in favor of defendants; averred the ownership of the property in said Charles A. Estes, the illegality of the chattel mortgage, the subsequent sale of the property and application of the proceeds of such sale in part satisfaction of the judgments in favor of defendants.

The reply met the affirmative allegations of new matter in the answer.

At the close of plaintiffs'' testimony the court directed a verdict in favor of defendants, whereon a judgment of dismissal against plaintiffs was entered, to review which this writ of error is prosecuted.

The only question for review is, the action of the court in directing a verdict.

This ruling was based upon the proposition that plaintiffs, by their pleadings charged defendants with a joint tort; that the evidence introduced failed to prove the cause of action alleged.

An exhaustive review of plaintiffs' evidence upon the only point involved will not be attempted; it would accomplish no beneficial purpose. Very briefly stated the evidence may be said to establish, that at about 8:30 a. m. March 2, 1897, a deputy sheriff came to the store where the property was, with a writ of execution or attachment in favor of one of the defendants and against the property of C. A. Estes, and said that he took possession of the stock of goods under the writ by direction of the parties; that at 10 a. m., 2 p. m., and 5 p. m. of the same day other writs in favor of other defendants and against said Estes were delivered to the same officer; that the officer was in the store continuously from 8:30 a. m. to 5:30 p. m.; that during this entire time plaintiffs' agent was also in the store, but that the officer did

not allow him to sell the goods or remove any portion of them or otherwise exercise acts of ownership over them; that during the day the attorneys of several defendants were in the store from time to time; what they did or what was their purpose in being there does not appear; that at about 5 p. m. plaintiffs' agent left the store and the property in possession of the officer and did not return; the writs by virtue of which the officer took possession of the property and the returns thereon, were not introduced in evidence.

It is contended by plaintiffs in error that the answer admits the joint taking.

We do not so read the answer.

Paragraph six of the complaint is: ''That while the said goods and chattels were in the possession of the plaintiff, as aforesaid, the said defendants, * * * wrongfully, forcibly, and against the plaintiff's protest at the time made, and without plaintiff's consent, took the afore described goods and chattels situate at number 921 Sixteenth street aforesaid, from the plaintiffs and have ever since kept the same, converted the same or the proceeds from the sale thereof to their own use in the county and state aforesaid.''

The foregoing is the only allegation in the complaint setting up the taking and conversion of the property. This allegation is denied by the answer as follows:

''That they deny that the defendants mentioned in paragraph numbered 'Sixth' in plaintiffs' said complaint, or any of them, took the goods and chattels in said complaint described when they were in the possession of the plaintiffs or any of them, or in any manner as in said complaint alleged.''

Further, the second affirmative defense of defendants contains a paragraph setting forth the separate levies of the several writs in favor of the several

defendants, from which it appears that some of the levies were alleged to have been made March 2, one March 3 and one March 4.

This contention of plaintiffs in error is not tenable under the pleadings as set forth in the record.

The fact that several defendants gave the sheriff separate and independent indemnity bonds did not tend to prove that by thus ratifying the actions of the sheriff each defendant thereby made itself a joint tort feasor with the other defendants.

The authorities are to the effect that the giving of an indemnifying bond to an officer holding a writ is a ratification of the acts of the officer and nothing more.

No authority has been cited and we know of none which holds that the separate and distinct act of giving an indemnifying bond to an officer by each of a number of creditors pursuing their remedy under separate writs, constitutes such creditors joint tort feasors.

We do not believe the mere fact of joining in a joint answer by defendants who are charged with joint liability has any weight as evidence to prove such joint liability in the absence of proof of other acts or facts which would prove such joint liability.

The court in ruling upon the motion for a directed verdict, at the request of counsel for plaintiffs in error, stated the ground upon which the ruling was made as follows:

"The motion is granted on the ground that there is no joint wrong proven, and that there is insufficient evidence to show concert of action among the defendants."

It is contended that the court thereby invaded the province of the jury and passed upon the sufficiency of the evidence.

The practice of setting aside a verdict upon motion for a new trial, when the evidence is insufficient to sustain it, is authorized by Mills' Ann. Code, 217, subd. 6, and of directing a verdict for the defendant for the same reason, is well established by the appellate courts of this jurisdiction.

As was said in *Brown v. Potter,* 13 Colo. App. 512, 514:

"When we conclude, as we do, that the court reached a correct conclusion respecting the testimony, it was both his right and his duty to direct a verdict because it was a case wherein if a verdict had been rendered otherwise, it must have been set aside as against the testimony. Under these circumstances, the duty of the trial court is exceedingly plain.— *Tripp v. Fiske,* 4 Colo. 24; *Guldager v. Rockwell,* 14 Colo. 459; *Burlington R. Co. v. Budin,* 6 Colo. App. 275; *U. P. R. Co. v. Sternberg,* 13 Colo. 141; *Stratton v. U. P. R. Co.,* 7 Colo. App. 126."

The question then is, was there sufficient evidence to warrant the court in submitting to the jury the issue of joint liability by reason of the joint acts of the defendants?

It is admitted that the action was against the defendants as joint tort feasors. A failure to prove the joint liability of all the defendants was a failure to prove the cause of action alleged. Proof of several separate and distinct liens or trespasses was fatal to the cause of action and warranted the court in directing a verdict.

The rule is thus stated by Pomeroy in his work on Remedies and Remedial Rights (2d ed.), page 265:

"In order, however, that the general rule thus stated should apply, and a union of wrong-doers in one action should be possible, there must be some community in the wrong-doing among the parties

who are to be united as co-defendants; the injury must in some sense be their joint work. It is not enough that the injured party has, on certain grounds, a cause of action against one, for the physical tort done to himself or his property and has, on entirely different grounds, a cause of action against another for the same physical tort; there must be something more than the existence of two separate causes of action for the same act or default, to enable him to join the two parties liable in the single action. This principle is of universal application.''

''Persons who act severally and independently, each causing a separate and distinct injury, cannot be sued jointly, even though the injuries may have been precisely similar in character and inflicted at the same time. A joint tort is essential to the maintenance of a joint action. For separate and distinct wrongs in nowise connected by the ligament of a common purpose actual or implied by law, the wrongdoers are liable only in separate actions, and not jointly in the same action.''  (Citing cases.) 15 Ency. Pl. & Pr., 562.

The principle is the same whether the question is *ex contractu* or *ex delicto*.

In *York v. Fortenbury*, 15 Colo. 129, a joint loan to the plaintiffs was pleaded as a defense. At the trial evidence was offered to show a separate loan to one of the plaintiffs. This offer was rejected and upon appeal the rejection was held proper. The court said:

''The answer averred a joint loan to the plaintiffs. The proof rejected showed that the loan in question was made to Fortenbury individually, Carson deriving no benefit therefrom, and not being in any way connected therewith. The allegation of a loan to both plaintiffs is not sustained by proof of an individual loan to one of them. There was, there-

fore, such a variance between the pleading in question and the proof offered as justified the court's rejection of the latter.''

Other cases announcing the same doctrine are: *Williams v. Sheldon*, 10 Wend. 654; *Keys v. Little York Gold Washing and Water Co.*, 53 Cal. 725; *Blaisdell v. Stevens*, 14 Nev. 1; *Forbes v. Marsh*, 15 Conn. 384; *Larkins v. Eckwurzell*, 43 Ala. 322; *Miller v. Highland Ditch Co.*, 87 Cal. 433.

The great weight of authority supports the principle that, where two or more parties act each for himself and independently of each other in a proceeding, the results of which may be injurious to another, they cannot be jointly held liable for the acts, of each other.

*Reithman v. Godsman*, 23 Colo. 203, is relied upon by plaintiffs in error. This was a case in which Reithman and the sheriff are sued as defendants to recover damages for taking and converting the property of Godsman under a writ issued against one Dunnagan. There was, in that case, no question of the joint wrong of two or more attaching creditors, and what is there said as to the effect of giving an indemnity bond to the sheriff, as an act of ratification, goes only to the extent of holding that such act was a ratification of the acts of the sheriff only. The expression of the court in that case to the effect that, when two writs of attachment are actually levied and action taken at the same time ''the plaintiffs in both actions may be liable for the taking,'' is not an authority to the point that such plaintiffs would be liable in a joint action, or could be held as joint tort feasors, in the absence of evidence tending to prove, or proving, concert of action between the parties.

*Stone v. Dickinson*, 5 Allen. 29, cited by counsel for plaintiffs in error, is the only authority to which

our attention has been called which seems to support the position of plaintiffs in error. It is opposed to the great weight of authority, and the expressions contained in the opinion, upon which plaintiffs in error rely, do not seem to us to be necessary to the decision of the case which was before the court.

Upon principle and authority, we believe the rule to be as above quoted.

We have examined the entire record with care, and fail to find any competent evidence therein that there was any concert of action between the several attachment and judgment creditors, or any ligament of common purpose which would make them liable as joint tort feasors for the acts of which complaint is made.

The judgment will be affirmed. *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.