[No. 6289.]

## WEBSTER V. RHODES.

1. **Contract—Substantial Performance**—An attorney agrees with his client to bring and prosecute an action for a contingent fee. The action being instituted, the client himself adjusts the matter, receiving all that could have been recovered by the successful prosecution of the action. The contract must be regarded as substantially performed, and the attorney is entitled to the stipulated fee.—(205, 206)

So where it is part of the contract that the attorney shall defend an anticipated action, and this controversy is also adjusted by the client, without action brought, the attorney being at all times ready and willing to defend the action in case one had been instituted, the contract, as to this feature of it, is regarded as performed by the attorney.—(205)

2. **Wrong Without Injury**, gives no action. Where the defendant to an action for an attorney's bill counter-claimed, alleging negligence of the attorney in respect to another employment, but there was no evidence of any damage sustained, the counter-claim was properly withdrawn from the jury.—(207)

3. **Trial—Directed Verdict**—Where there is no substantial conflict in the evidence and the court would be under duty to set aside a verdict for the defendant, it should direct a verdict for the plaintiff.—(207)

*Error to Larimer District Court*—Hon. JAMES E. GARRIGUES, Judge.

Mr. THOMAS J. LEFTWICH, Mr. NEWTON W. CROSE, and Mr. WILLIAM B. LYMER for plaintiff in error.

Mr. L. R. RHODES, defendant in error, *pro se*.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Rhodes, who is an attorney at law, brought this action to recover from defendant Webster for professional services rendered. The first cause of action in the complaint, in substance, alleges that defendant employed plaintiff to bring an action

in the district court to recover money which defendant claimed was due him, and to defend an action, if such should be brought against defendant by one Harris, and for such services it was agreed that plaintiff should receive $150.00 if successful in such litigation; that in pursuance of the employment plaintiff brought the suit, and made the necessary preparations for defending the anticipated action by Harris. After such suit in behalf of the defendant was brought, a compromise of the same was made by defendant in this, and defendants in that, action, and a settlement was also made between this defendant and Harris, of the controversy between them. All of these matters were adjusted to defendant's satisfaction, he getting all of his claims and demands that he would have received had the suit been conducted to a successful termination. The second cause of action sets up the same employment, the rendering of the same service to the satisfaction of defendant, and that the value thereof is $150.00. Defendant, by his answer, while admitting the employment, denies that the contract set up in the first cause of action was performed as alleged, and denies the value of the services alleged in the second cause. By way of counter-claim he sought to recover damages from plaintiff on account of negligence and unskillful professional conduct by plaintiff in other unconnected transactions. Upon the hearing, and at the close of the evidence, the court withdrew from consideration of the jury the counter-claim and directed them to return a verdict for plaintiff in the sum of $150.00.

We think this judgment was right. There is no substantial controversy as to the material facts. The employment is admitted. That plaintiff brought the suit contemplated by the contract and stood ready to defend the anticipated suit of Harris are

also admitted.  The defendant by his own act com-
promised the subject-matter of the litigation included
in the suit which was instituted, and thereby re-
ceived everything that he would have got had the
suit been successfully prosecuted by plaintiff.  In-
deed, the evidence is that defendant received, as a
result of the compromise, more than he would have
obtained had the suit been prosecuted to a successful
termination.  As no suit was brought by Harris
against this defendant, and as plaintiff stood ready
at all times to defend the suit had it been brought,
the contract as to that part was unquestionably per-
formed.  But defendant argues that the receipt by
him, as the result of a compromise which he himself
effected, under the advice and with the assistance
of plaintiff, of all that he would have secured had
the litigation resulted in his favor, is not the same
as if that litigation had been successfully prosecuted
in court; that the contract must be proved as specif-
ically alleged to entitle plaintiff to recover; that
when, with plaintiff's consent, the compromise was
effected after the suit was brought, this was an ab-
rogation of the contract, and plaintiff must recover,
if at all, for his services upon a *quantum meruit.*
To this proposition is cited *Harris v. Root,* 28 Mont.
159; 72 Pac. 429; and *Coram v. Ingersoll,* 148 Fed.
Rep. 169.  If the contract involved in the Root case
be, as defendant says, in principle the same as that
in the case in hand, the decision by the supreme court
of Montana would seem to uphold defendant's con-
tention.  The United States circuit court of appeals
in *Coram v. Ingersoll,* though it considered the case
of *Harris v. Root,* did not announce such doctrine,
though it decided that the question sought to be liti-
gated in the Federal court was *res judicata* by the
judgment in the Montana case.  If, however, it could

be considered as approving the doctrine of the Montana court, it was overruled by the supreme court of the United States in a writ of *certiorari,* reported as *Ingersoll v. Coram,* in 211 U. S. 335. In that controversy Colonel Ingersoll was engaged as counsel, on a contingent fee, to conduct litigation to a successful termination in the contest of the probate of a will. On the trial of the contest the jury disagreed. Pending preparation for a second trial, an agreement of compromise was made by which Ingersoll's clients received even a larger portion of the estate than would have come to them had the contest been successfully litigated. The supreme court of the United States held that, though the contract was not literally performed, in that the litigation was not successfully prosecuted to a termination in court, yet, since the parties for whom the contest was waged received, through Ingersoll's efforts, as the result of a compromise which was satisfactory to them, more than they would have got had a favorable verdict been returned by a jury, the contract must be considered as performed and the plaintiff entitled to his agreed compensation. Applying that doctrine to the case in hand, it would seem that by the contract here, under the undisputed evidence, there being no substantial controversy between plaintiff and defendant respecting the same, plaintiff is entitled to a judgment since his client got all he demanded.

If, however, there is any question about this, then, according to defendant's own contention, plaintiff might recover upon a *quantum meruit* under the second cause of action. The proof, without dispute, sustains this count, for plaintiff performed the specified part of the professional service for defendant which was agreed upon, and stood ready to perform the remainder, which was rendered useless and

waived by defendant's own acts, and the evidence shows that the amount for which the court directed a verdict is a reasonable compensation therefor.

The matters set up in the counter-claim did not arise out of the transaction set forth in the complaint as the foundation of plaintiff's claim, neither are they connected with the subject of the action. It is doubtful if the cause of action attempted to be set up therein is based upon a contract at all, although it pretends to be a claim for damages arising out of a breach of an attorney's contract for professional services. It may be that defendant could sue either upon contract or in tort. Examination of the counter-claim leads to the conclusion that he seeks a recovery on the ground of plaintiff's negligence and has counted upon the tort. However that may be, whether the counter-claim pleads a breach of a contract or sets up plaintiff's negligence, there was no testimony whatever that defendant suffered any damage, and the court was right in withdrawing the counter-claim from the jury.

As to the propriety of the practice pursued by the court in directing a verdict in plaintiff's favor, upon his complaint, we observe it is the rule in this jurisdiction, that where, as here, there is no substantial conflict in the evidence, and the court would be obliged to set aside a different verdict if it was returned, it is its duty to direct a verdict.—*Livesay, Admr., et al. v. First National Bank,* 36 Colo. 526, 532; *Murphy v. Cobb,* 5 Colo. 281; *Vote v. Karrick,* 13 Col. App. 388, 23 Am. & Eng. Enc. of Law (2 cd.) p. 561; 6 Enc. P. & P. 678-9.

The judgment is right and must be affirmed.

*Affirmed.*

Mr. Justice Musser and Mr. Justice White concur.