[Civ. No. 3319. Second Appellate District, Division One.—October 28, 1920.]

## A. M. KING, Respondent, v. JOHN C. CLINE, Sheriff, etc., Appellant.

[1] EVIDENCE — CONCLUSION OF WITNESS — IMPROPER QUESTION.—The question as to whether or not the witness is "acquainted with the understanding" of a named company with its men in regard to the handling of the company's property calls for the conclusion of the witness and not for the facts as to what the contract is, and a general objection thereto is properly sustained.

[2] EMPLOYER AND EMPLOYEE — MANAGEMENT AND CONTROL OF PROPERTY—OBLIGATION OF EMPLOYEE.—Where the relation of employer and employee exists, the latter is under obligation to carefully and skillfully manage and control the property of the employer committed to his charge, even though there is no express understanding between them to that effect.

[3] ID.—BREACH OF DUTY—ACTION FOR DAMAGES—ATTACHMENT.—In an action to recover damages for an alleged breach of duty by an employee, resulting in damage to the property of the employer, an attachment is unauthorized.

[4] SALES—CONDITIONAL SALE OF AUTOMOBILE—DEFAULT BY VENDEE —REPOSSESSION BY VENDOR.—Where an automobile is being bought under a conditional sale contract which gives the vendor the right to retake possession thereof after default on the part of the vendee in the making of payments or in procuring the release within three days of any attachment levied against the automobile, and a default occurs in either or both of these particulars, the vendor or his successor is in a position to recover the automobile or its value.

[5] ID.—SEIZURE BY SHERIFF—TRANSFER OF INTEREST BY VENDOR— COMPLIANCE WITH MOTOR VEHICLE ACT.—Where an automobile being bought under a conditional sale contract is registered in the name of the vendee, and the sheriff takes possession of such automobile, and the registration certificate, under a writ of attachment issued in an action against such vendee, the vendor under the conditional sale contract may make good transfer of his interest in the automobile without complying with the formalities prescribed by the Motor Vehicle Act.

[6] ID.—RIGHT OF VENDOR TO RETAKE POSSESSION — REFUSAL OF SHERIFF TO RELEASE—MEASURE OF MONETARY RECOVERY.—Where the contract for the sale of an automobile gives the vendor the right to retake possession after default, and default is made, but the sheriff, who has taken possession of the machine under a writ

of attachment issued in an action against the vendee, refuses on demand to deliver possession thereof, the vendor or his successor is not limited to a recovery of the balance due under the contract but may recover the value of the machine.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Andrews, Toland & Andrews for Appellant.

R. T. Lightfoot for Respondent.

JAMES, J.—Defendant appeals from a judgment entered against him for damages arising by reason of the alleged conversion of an automobile taken by him under attachment in a suit of the Union Oil Company against Parsons. The latter action grew out of the relation of employee and employer which had existed respectively between Parsons and the Union Oil Company. Parsons, while employed by the Oil Company as a truck driver, became intoxicated and so negligently handled the machine under his control as to greatly damage it. The Oil Company brought the action for damages for the alleged breach of duty and in that action procured a writ of attachment and caused it to be levied upon an automobile then in the possession of Parsons. This automobile was being purchased from one Cook under a conditional sale contract which reserved title in the seller, and the purchase payments had not at that time been all made. After the attachment was levied, being apprised of this latter situation, Cook was approached by representatives of the Oil Company and asked what the balance due from Parsons was and whether he would accept the same from the Oil Company. Cook had at this time filed with the sheriff a third-party claim, demanding the release of the automobile from the attachment on the ground that he was the owner thereof. Cook informed the Oil Company in effect that he would consider the matter, and soon thereafter he made an assignment of his interest in the contract and automobile to the plaintiff King. King renewed a claim for the automobile in his own behalf to the sheriff and the sheriff

refused to release the same, and King then brought this action for conversion and obtained judgment.

[1] Appellant makes several contentions as ground for reversal. It is insisted first that the court erred in sustaining an objection to a question asked of a witness, the question being as follows: "Are you acquainted with the understanding of the Union Oil Company with its men in regard to the handling of the Union Oil Company property?" A general objection was interposed to the question and sustained by the court. Regardless of the matter which we will immediately call attention to, the objection was properly sustained for the reason that the question called for a conclusion of the witness and not for the facts as to what the contract was between the oil company and Parsons. [2] Further than this, it is apparent that the whole purpose in asking the question was to show that the relations between Parsons and the Oil Company during the former's employment was such that Parsons assumed the obligation to carefully and skillfully manage and control the property of the company committed to his charge. Once admitting the employment, as to which there was no dispute, the condition sought to be proved would be implied. [3] While the question as to the validity of the attachment is perhaps not properly presented here, in passing we express the view that the attachment was not authorized to be issued under the facts claimed. By section 537 of the Code of Civil Procedure it is provided that the writ of attachment may issue "in an action upon a contract, express or implied, for the direct payment of money, where the contract is made or is payable in this state, and is not secured by any mortgage or lien upon real or personal property. . . ." In order to authorize a writ of attachment to be issued, we think it clear that the money claimed in the suit must be due under the contract, by reason of the obligations, express or implied, which the contract casts upon the party sought to be charged. The action referred to was purely an action for damages which were contingent upon Parsons failing to perform his contract. In the sense of the section, the damages so sought to be recovered would not be *money due under the contract.*

Appellant insists that King, standing merely in the shoes of Parsons' vendor and holding the original contract for the sale of the automobile as assignee thereof, could not claim

the right to the machine until default had been committed on the part of Parsons in the making of payments and the right to the possession of the automobile had thereby become vested in the vendor.

[4] This action was commenced in the latter part of January, 1919. On January 2, 1919, a payment on the automobile was due to the vendor from the vendee. Plaintiff testified that shortly after the payment became due he notified the vendee of the fact. The contract of sale gave the right to the vendor to retake possession of the machine after default in the making of payments or default as to any other condition of the agreement. One of the stipulations was that the vendee should procure the release of any attachment levied against the automobile within three days. We think it clear that even as against the vendee the vendor or his successor was in a position to recover the automobile or its value at the time possession was demanded of the sheriff on the part of plaintiff. (*Liver* v. *Mills,* 155 Cal. 463, [101 Pac. 299].) The opinion in *Morris* v. *Allen,* 17 Cal. App. 684, [121 Pac. 690], contains the following statement of the law, sustained by authorities cited: "While it is true that the vendee under a contract of conditional sale acquired a defeasible interest in the property sold, which, after default, he may sell or assign, nevertheless he has no attachable interest in the property until such time as he has fully complied with the condition concerning payment of the purchase price." Admitting that this law is subject to modification, and that an attaching creditor may be placed in the shoes of the vendee upon tendering performance of all obligations existing against the vendee, the evidence fails to sustain such a condition of facts here. Defendant made no formal tender of the money due under the contract to plaintiff. He denied in his answer any right in the plaintiff to assert any quality of title, and alleged that the automobile was the property of Parsons, the vendee. The case last above cited was somewhat similar in its facts on this point to the case here, and the court held that under such a condition of the pleadings the claim of the vendee's creditor that he should by the judgment be subrogated to the rights of the vendee, was without merit. [5] That the formalities regarding the registration of the machine under the Motor Vehicle Act (Stats. 1915, p. 397) and the transfer of

such registration were not complied with, under the particular facts of this case, will not, we think, diminish the right of the plaintiff to his judgment. The machine had been registered in the name of the vendee; the defendant sheriff had possession of the vehicle and presumably possession of the certificate of registration which defendant insists should have been indorsed to plaintiff. That under such circumstances the vendor could make a good transfer of his interest in the automobile as was attempted, we think altogether consistent with the purpose and intent of the act in question. With that conclusion in mind it will be unnecessary to consider respondent's proposition that if the act in terms prevents such a transfer, it invades constitutional rights. [6] Nor should plaintiff have been limited, as defendant contends, to a recovery only of the balance due under the contract of sale. He possessed the right to have the automobile delivered to him that he might proceed as his contract and the law authorized him to do. He failed to secure the automobile, after demanding it, and was hence entitled to recover its value.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.