## No. 10,054.

### COFFMAN, ET AL. *v*. HARTMAN, ET AL.

Decided June 6, 1921.

Action on promissory notes. Directed verdict for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1. TRIAL—*Directed Verdict.* If under the evidence but one verdict could be returned, a directed verdict is proper; but if from the evidence different men might reach different conclusions, the issue should be submitted to the jury.

2. *Motion for Directed Verdict.* A motion for a directed verdict admits the truth of all the evidence of the opposing party, and all legitimate inferences therefrom.

3. CONTRACT—*Rescission.* Voluntary execution of a contract, or the procurement of extension of time on deferred payments after discovery of fraud or breach of warranty, waives rescission.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Mr. JOHN L. STIVERS, for plaintiffs in error,

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for defendants in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANTS in error sued plaintiffs in error on two promissory notes whose execution and delivery are undisputed. The principal defense urged was that these notes were given for the purchase price of machinery sold under a warranty which failed, and the cross-complaint demanded rescission of the contract of sale, cancellation of the notes, and return of a payment already made. The parties are hereafter designated as in the court below.

By common consent defendants assumed the affirmative on the trial. At the close of their evidence plaintiffs moved for a directed verdict, which motion was sustained. From the judgment thereupon entered defendants bring error.

Several questions are presented by the record and argued in the briefs which we find it unnecessary to notice. If, under the evidence, but one verdict could have been returned the judgment must stand. *Webster v. Rhodes*, 49 Colo. 203, 207, 112 Pac. 324; *Livesay v. First Nat. Bank*, 36 Colo. 526, 532, 86 Pac. 102, 6 L. R. A. (N. S.) 598, 118 Am. St. Rep. 120.

If from the evidence different men might have reached different conclusions the issue is for the jury. *Colo. Coal & Iron Co. v. John*, 5 Colo. App. 213, 216, 38 Pac. 399; *Hurlburt v. Dusenbery*, 26 Colo. 240, 247, 57 Pac. 860; *Western I. & L. Co. v. First Nat. Bank*, 23 Colo. App. 143, 153, 128 Pac. 476.

Plaintiff's motion admitted the truth of defendant's evidence and all legitimate inferences therefrom. *Monarch M. & D. Co. v. DeVoe*, 36 Colo. 270, 276, 85 Pac. 633.

Defendant Coffman testified that prior to December 23, 1918, the machinery had been tried out, that it did not meet the warranty, that he did not want it, and that he intended to rescind the contract for breach. He admitted

that on that date he wrote plaintiffs a certain letter, offered in evidence, wherein he stated that he would be unable to meet the note due January 1, 1918, because of lack of funds due to his inability to market crops, and closing with: "I hope it will be satisfactory with you to extend the time of payment due on this until I can dispose of some of my produce to advantage." He further admitted that, as a result of this request, the desired extension was procured, all without any mention of the question of rescission. There does not appear in defendant's evidence anything contrary to the foregoing upon which a finding could be based.

Voluntary execution of a contract, or the procurement of extension of time on deferred payments, after discovery of fraud or breach of warranty, waives rescission. 24 R. C. L. p. 352, sec. 641; 24 R. C. L. p. 356, sec. 646; *Hubbardston Lumber Co. v. Bates, et al.,* 31 Mich. 158. *Tilley, et al. v. Montelius Piano Co.,* 15 Colo. App. 204, 207, 61 Pac. 483.

It thus conclusively appears that defendant admitted himself out of court. Had the cause been submitted to the jury on the evidence adduced no verdict other than that directed could have been returned, or permitted by the court to stand.

The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.