### No. 10,065.

### LITTELL *v.* THE BRAYTON MOTOR & ACCESSORY CO.

Decided June 6, 1921.   Rehearing Denied October 3, 1921.

Action in replevin.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   PLEADING—*Replevin—Complaint.*   Complaint in replevin action reviewed and held to contain the required allegations of special ownership and right of possession in plaintiff, and possession of defendant.

2.   AUTOMOBILE—*Sale of Used Car—Statute.*   In a transaction involving the sale of a used automobile, the fact that the parties failed to comply with the provisions of section 7, chapter 7, S. L. 1919, extraordinary session, regarding the sale of used cars, does not render the transaction void.

3.   CHATTEL MORTGAGE—*Description of Property.*   In an action in re-

plevin by one claiming the property under a chattel mortgage, defendant cannot question the sufficiency of the description in the mortgage where he has actual notice that it is the identical property upon which he claims a lien.

4.    *Alteration of Description.*   One cannot contest the validity of a mortgage on the ground that the description of the property has been altered when he has actual knowledge of the specific property claimed thereunder.

5.    *Failure to Take Possession.*   Where one having actual knowledge of an existing mortgage lien, takes and retains possession of the property under an inferior lien, he cannot defeat a replevin action by the mortgagee, on the ground that the latter did not take possession of the property within the statutory time.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. HARRY LEDDY, for plaintiff in error.

Mr. LEO P. KELLY, for defendant in error.

MR. JUSTICE BURKE delivered the opinion of the court.

THIS was an action in replevin brought by defendant in error against plaintiff in error for the possession of an automobile, and the parties are hereinafter designated as in the court below. Trial was had to the court without a jury and judgment was entered for plaintiff. To review that judgment defendant brings error.

There are forty-seven assignments of error, most of which are unjustified and unargued. We confine ourselves to the principal contentions.

The theory of plaintiff, and the basis of the judgment, is that one Edmundson owned the car in question; that he mortgaged it to plaintiff; that while that mortgage was in effect the car was left with defendant for repairs; that defendant took it with actual notice of the mortgage and retained it under claim for a lien for such repairs and for storage; that such possession and claim breached the mortgage and gave to plaintiff a right of possession under its qualified ownership.

Defendant contends: 1. That the complaint is defective, in that it fails to allege ownership or right of possession in plaintiff, or possession in defendant. 2. That there was no proof of Edmundson's ownership. 3. That the description of the car as set forth in the mortgage was insufficient. 4. That the mortgage offered in evidence had been altered in a material particular and hence was not the mortgage given by Edmundson. 5. That plaintiff lost all rights under said mortgage by failure to take possession within thirty days after maturity of the debt.

1. The complaint pleaded a chattel mortgage, for a valuable consideration, executed by the owner of the property and in favor of plaintiff. A copy of this instrument was made a part of the complaint. The necessary allegation of special ownership was thus met. *Elliott v. First Nat. Bank,* 30 Colo. 279, 70 Pac. 421.

The complaint alleged defendant's claim of lien for storage and repairs, (which could only be predicated upon possession), plaintiff's demand for possession and defendant's refusal, and the prayer was for possession. The necessary allegation of possession in defendant was thus met. The mortgage provided that if the property in question should "be attached or claimed by any other person or persons at any time before payment" the mortgagee should be entitled "to take immediate and full possession." This, coupled with the allegation of defendant's possession and claim, met the necessary allegation of plaintiff's right of possession.

2. Sec. 7, Chap. 7, L. 1919, (Extraordinary Session) makes it a penal offense to buy or sell a used automobile unless the original bill of sale or certificate of ownership and all assignments thereof shall have been recorded, and the same, or copies thereof, delivered with the car. If there was here an apparent violation of this statute the transaction was not for that reason void. *Dunlop v. Mercer,* 156 Fed. 545, 86 C. C. A. 435.

3. The mortgage originally described this car as "One 6-40 Hudson automobile". The sufficiency of this descrip-

tion is immaterial because the evidence clearly discloses, and the trial court so found, that defendant, before this car came into his possession, had actual notice that it was the identical car covered by the mortgage. His lien was therefore, subject, to the mortgage. Laws 1917, chap. 43, sec. 4.

4. The alleged alteration in the mortgage consisted in adding to the above description, after the words "motor no." therein appearing, the figures "831." This alteration was thereafter, and prior to the commencement of this action, erased. In view of what has been said in paragraph 3, *supra,* such alteration was wholly immaterial. It was at most an unwarranted addition to the description of property concerning the mortgage and identity of which defendant had actual knowledge.

5. Defendant, with actual notice of the mortgage in question, and before the expiration of the lien thereof, took and held possession of the property under an inferior claim. Plaintiff could acquire possession only by virtue of this action and its judgment herein. Hence defendant is in no position to urge his own wrong as a defense. *Ellison v. Tuckerman,* 24 Colo. App. 322, 335, 134 Pac. 163.

Finding no reversible error in this record, the supersedeas is denied and the judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY, concur.