## No. 10,629.

### WILLIAMS *v.* STRINGFIELD, ET AL.

Decided December 1, 1924.  Rehearing denied January 5, 1925.

Action for taking and conversion of an automobile. Judgment for defendants.

### *Reversed.*

1. CONVERSION—*Wrongful Taking.*  In an action for the wrongful taking and conversion of an automobile, it is the wrongful taking which is the gist of the action and constitutes the violation of the right of plaintiff.

2. *Conversion—Right of Possession.*  One entitled to the possession of an automobile which was wrongfully taken from him, could maintain an action therefor, although at the time of demand and bringing of suit defendant had the right of possession.

3. *Demand.*  Demand for the property taken is unnecessary where the original taking is wrongful.

4. PLEADING—*Misjoinder—Waiver.*  The objection of misjoinder of causes of action or parties defendant, is waived by failure to demur on that ground.

5. AUTOMOBILES—*Sale—Statute.*  Recording assignment of title of an automobile as provided by section 1371, C. L. '21, is not necessary to pass title, the statute being enacted to prevent theft.

*Error to the District Court of the City and County of Denver, Hon. John T. Shumate, Judge.*

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for plaintiff in error.

Mr. JOHN L. SCHWEIGERT, Mr. J. A. MARSH, Mr. J. J. LIEBERMAN, Messrs. TOLLES & COBBEY, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

*On Rehearing.*

THE judgment below was upon a verdict directed for defendants in a suit by Ruth Williams against Stringfield and others for the taking and conversion of an automobile. She brings error. The defendants took the automobile upon execution against one Le Master, to whom they say it belonged. The plaintiff contends that the machine never belonged to Le Master; that, though it was purchased and licensed in his name, that was all done by him as her agent, with her money, and that his subsequent assignment to her was in pursuance of their previous understanding.

The complaint alleges a wrongful taking of the automobile, on July 29, 1920. It is well drawn and exactly equivalent to a declaration *de bonis asportatis* at common law. It is the wrongful taking which is the gist of that action and constitutes the violation of the right of the plaintiff. It follows that the question was whether on July 29th, *when the car was taken,* plaintiff had a right of possession. *Nachtrieb v. Stoner,* 1 Colo. 423; 1 Chit. Pl. 171. Our former opinion was to the effect that because at the time of the suit brought the right of possession was in a mortgagee, the suit could not be maintained; but we overlooked the fact that the action was in substance trespass *de bonis,* that is, an action for the wrongful *taking* of the property of the plaintiff in which the essential fact is right of possession in the plaintiff *at the time of the taking,* not at the time of the bringing of the suit or of any transaction subsequent to the taking. At that time plaintiff had the right of possession as against the mortgagee. The plaintiff's demand for possession of the machine was unnecessary because of the original wrongful taking and therefore the fact that, at the time of the demand, the mortgagee had the right of possession and the plaintiff not, is conclusive. This disposes of the claim of defendant in error that plaintiff's only remedy was a bill to redeem. What the measure of damages will be under these circumstances is a question not at present before us.

The defendants claim that the evidence is insufficient to show that the plaintiff had the right of possession, and, in support of that, they say that there had been no delivery of possession to the plaintiff sufficient to satisfy the statute of frauds, because her possession was not exclusive, since, they say, Le Masters was in possession with her and because, they say, the change of possession to her was not open, visible, notorious and unequivocal, as the decisions of this court require it to be. There was sufficient evidence, we think, of the change of possession, but we will not go into it in detail because this case is reversed for other reasons and in the next trial other and different evidence may be produced.

The defendants claim that the action was for a joint tort, and that no joint tort is proved, and they cite *Livesay, Adm'r, v. First Nat. Bank of Denver,* 36 Colo. 526, 86 Pac. 102, 6 L. R. A. (N. S.) 598, 118 Am. St. Rep. 120. We doubt the correctness of that decision (1 Chit. Pl. 86, 87), but in any event this objection is one of misjoinder, either of causes of action or of parties defendant or both. In either case it is waived, as we have many times held, by failure to demur on that ground. Code 1921, § 61. This point was not raised and seems to have been overlooked in *Livesay v. Bank, supra,* but, however that may be, the Code must govern us.

C. L. section 1371, is as follows: "It shall be unlawful for any person * * * to sell any second-hand or used automobile unless the original bill of sale thereof, * * * shall have been recorded in the office of the county clerk and recorder * * * and it shall be unlawful for any person * * * to purchase a second-hand or used automobile unless the original bill of sale * * * or a duly certified copy thereof, together with all previous assignments, as above provided for, have been duly recorded in the county where such transaction takes place, and the said bill of sale * * * and assignments or duly certified copies thereof are delivered with the said second-hand or used automobile. Any person convicted of violation of the

provisions of this section shall be deemed guilty of a misdemeanor and shall be punished by a fine of not more than five hundred dollars ($500)", and defendants insist that because of this statute, since the assignment to the plaintiff was not recorded, no title passed from Le Master to her. In our opinion, however, such record was not necessary to the passage of the title. We think the statute was enacted to prevent automobile thefts, and that if the legislature had intended that the sales in violation thereof were to be void, they would have said so, as they did say in the case of the statute of frauds. *Littell v. Brayton Co.*, 70 Colo. 286, 288, 201 Pac. 34. The provision for a penalty, with none for avoidance, is usually held to be an indication that the latter is not intended.

For these reasons the verdict was erroneously directed and our former opinion must be withdrawn.

The judgment is reversed and a new trial granted.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.