Nos. 11,088, 11089.

FORNEY *v.* JONES, ET AL.

Action involving possession of an automobile.   Judgment for interveners.

*Affirmed.*

*On Application for Supersedeas.*

1.   AUTOMOBILES—*Bill of Sale—Record.*   Under the provisions of section 1371, C. L. '21, it is not necessary that a bill of sale of an automobile be recorded to pass title, the statute being enacted to prevent automobile thefts.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. JOHN P. THOMAS, JR., Mr. A. L. JEFFREY, Mr. AGUSTUS PEASE, for plaintiff in error.

Mr. JOSEPH W. FOSTER, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

A WRIT of attachment was issued in an action brought against B. W. Rush, in the county court of Fremont county, and levied upon a Studebaker automobile of the model of 1923, in the possession of Thomas J. Jones and his wife, who, by their petition of intervention, claimed the ownership of the car.

The second writ of attachment was issued, directed to the sheriff of Pueblo county, who levied upon another Studebaker automobile of the model of 1921.   Jesse E. Jones and L. A. Jones filed a petition of intervention claiming this car by virtue of a chattel mortgage.   The petitions of intervention were consolidated for trial and were tried to the court, without a jury.   The interveners had judg-

ment in both cases. The judgments are here by leave of court on one record, and both cases will be decided in one opinion.

There is but one question raised by the assignment of errors. Defendant Rush was agent of the Garrett Motor Company, of Pueblo, selling Studebaker automobiles at Canon City, and as such agent was negotiating a sale of a Studebaker car to Jesse E. Jones. While these negotiations were pending Rush was notified that he would be succeeded as agent of the Garrett Motor Company at Canon City by W. H. Smith. On the following day Rush received the purchase price of a car from Jesse E. Jones, who paid it over to the Garrett Motor Company, and brought a Studebaker car from Pueblo to Canon City, placed it in the garage of Smith and executed a bill of sale for the car to Jesse E. Jones. This bill of sale was not recorded, as required by statute. On that day Jesse E. Jones, in company with Rush and Smith, drove the car a few blocks down the main street of Canon City and then returned it to the Smith garage, stating to them that he did not want that model of car, that he wanted a closed car. Thereafter, Smith sold this car, refused by Jesse E. Jones, to Thomas J. Jones and his wife, the interveners, and delivered the car to them with a bill of sale as a new car.

Plaintiff in error contends, that the bill of sale for the car from Rush to Jesse E. Jones, not having been recorded in compliance with section 1371, C. L. 1921, the subsequent sale of the car to Thomas J. Jones and his wife by Smith was absolutely void, and that the title to the car still remained in Rush and was subject to levy by attachment, as the property of Rush. This contention cannot be sustained. The decisions of this court hold otherwise.

In *Williams v. Stringfield*, 76 Colo. 343, 231 Pac. 658, this court said: "C. L. section 1371, is as follows: 'It shall be unlawful for any person * * * to sell any second hand or used automobile, unless the original bill of sale therefor * * * shall have been recorded in the office of the county clerk and recorder * * * and it shall

be unlawful for any person  *  *  *  to purchase a second hand or used automobile, unless the original bill of sale * * * or a duly certified copy thereof, together with all previous assignments, as above provided for, have been duly recorded in the county where such transaction takes place, and the said bill of sale  *  *  *  and assignments or duly certified copies thereof are delivered with the said second-hand or used automobile. Any person convicted of violation of the provisions of this section shall be deemed guilty of a misdemeanor and shall be punished by a fine of not more than five hundred dollars ($500)', and defendants insist that because of this statute, since the assignment to the plaintiff was not recorded, no title passed from Le Master to her. In our opinion, however, such record was not necessary to the passage of the title. We think the statute was enacted to prevent automobile thefts, and that if the legislature had intended that the sales in violation thereof were to be void, they would have said so, as they did say in the case of the statute of frauds. *Littell v. Brayton Co.*, 70 Colo. 286-288. The provision for a penalty, with none for avoidance, is usually held to be an indication that the latter is not intended."

Rush sold the other automobile of the model of 1921 without making and delivering a bill of sale to the vendee. The interveners, Jesse E. and L. A. Jones, held a mortgage executed by a subsequent vendee of the car. Counsel's contention in the second intervention suit is the same as in the first intervention suit, that the title to the car was still in Rush, in the absence of a bill of sale made and delivered with the delivery of the automobile to the original vendee. We have just held that this position cannot be sustained, and that the title did pass from the vendor to the vendee, and that the mortgagee in possession is entitled to judgment of possession.

A supersedeas is denied in both cases, and the judgments are affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE DENISON concur.