## Moore et al. v. Wilson.

(Decided June 11, 1929.)

HUNTER M. SHUMATE for appellants.

RICE & RICE and JOHN W. WALKER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

B. F. Wilson sued Rosa Moore to recover the sum of $286 for services rendered in burying her former husband. At the same time he sued out an attachment, which was levied on a Jewett automobile as the property of the defendant. During the progress of the action Clarence Moore, Rosa's stepson, intervened and asserted title to the automobile. The jury found for Wilson, and the court sustained the attachment. A new trial was granted for the sole purpose of determining the true ownership of the automobile. At the conclusion of the evidence the court peremptorily instructed the jury to find that the automobile was the property of Rosa Moore. From that judgment this appeal is prosecuted.

The evidence is as follows: The car was transferred by the former owner to Rosa Moore on December 14, 1927, and the transfer certificate was recorded in the Estill county clerk's office on that day. On the same day Rosa Moore executed a bill of sale transferring the car to Clarence Moore. When she came into the clerk's office to make the transfer to Clarence Moore the clerk informed her that some one had been in looking about the car. She replied, "I don't see why, because I don't owe anybody anything." When the officer, Dave Samples, went to find out about the car, W. E. Moore, Rosa's husband, said that he had bought the car. The officer said, "You don't tell me that Rosa Moore has no interest in it." W. E. Moore said, "She had some money in it, but I bought the car and I gave the car to Clarence, my son: I couldn't keep the car up, and he is a mechanic, and I gave him the car." Rosa Moore testified that she

was formerly the wife of Millard Rogers, but was then the wife of W. E. Moore. She made a bill of sale for the Jewett automobile to her stepson, Clarence Moore, some time in December, 1927. Clarence did not pay her anything. The car was not hers. She did not know the bill of sale was in her name until her husband asked her to make the bill of sale to Clarence. She never paid for the car, or let her husband have the money to pay for it. The car belonged to him. He asked that the bill of sale be made to her because he owed a little, and they had a judgment against him. On the death of her former husband she received $1,000 insurance money. On July 18, she drew out $897.03. She gave her mother $350. The balance of it she used to pay some debts her husband owed, to pay rent, to keep her two brothers, to buy clothes and things for them. Clarence Moore admitted that he got a bill of sale for the automobile from Rosa Moore in the month of December, 1927, and that he did not pay her anything for the car. However, he did pay his father, W. E. Moore, $200 for the car, and had it repaired at an expense of $50. He was to pay in installments of $50 a month. He paid for the car before he got the bill of sale. When he made the purchase he did not know who had the bill of sale, and did not know that Wilson was claiming any indebtedness against Mrs. Moore. His father had been working in a shoe shop, but had no property that could be attached for debts. He got possession of the car some time in October, and the bill of sale was not made until December.

It is conceded that Clarence Moore did not pay Rosa Moore anything for the car. Therefore, if Rosa Moore owned the automobile, the transfer to him was in fraud of Wilson's rights as a creditor and passed no title so far as he was concerned.

Appellee insists that the evidence was abundantly sufficient to support the verdict. That, however, is not the question. The question is, was there any evidence tending to show ownership on the part of W. E. Moore? If so, the question should have been submitted to the jury. We shall first determine whether noncompliance with the terms of our statute respecting the registration and sale of automobiles renders a sale void. Though liability may be incurred under its penal provisions, our statute does not provide that a failure to comply with its provisions will render the sale void. In our opinion,

it was adopted as a police measure, is merely regulatory in character, and neither a compliance nor a noncompliance with its terms can be regarded as always conclusive of the question of ownership or title. King v. Cline, 49 Cal. App. 696, 194 P. 290; Williams v. Stringfield, 76 Colo. 343, 231 P. 658; Carolina Discount Corporation v. Landis Motor Corporation, 190 N. C. 157, 129 S. E. 414; Gaub v. Mosher, 129 A. 253, 3 N. J. Misc. R. 605; Hennessy v. Automobile Owners' Ins. Ass'n (Tex. Com. App.) 282 S. W. 791, 46 A. L. R. 521. Therefore, except as against innocent third parties, one may show that he purchased the machine from another, and that such other, though not holding under a bill of sale from the former owner, was the true owner of the machine. In the circumstances the fact that Rosa Moore had a bill of sale from the former registered owner, and then transferred the machine to Clarence Moore, while most persuasive, is not conclusive of title in her. That being true, the question is whether there was a conflict of evidence on the question of ownership. Aside from this fact, and other circumstances tending strongly to show that she was in fact the owner, we have her positive testimony that her husband purchased and paid for the car, and was the real owner thereof, coupled with the further evidence of Clarence Moore that he purchased and paid for the car before Rosa Moore received the bill of sale from the former owner and before she made the bill of sale to him. In view of this evidence we are forced to the conclusion that the court should have submitted the question of ownership to the jury.

Rosa Moore's statement, ''I don't see why, because I don't owe anybody anything,'' bore on the question of ownership, and, having been made prior to the transfer to Clarence Moore, was admissible although not made in his presence.

When Officer Samples, who went to serve the attachment, was first asked as to what W. E. Moore said, the court declined to permit him to answer. Afterwards counsel for appellant pursued the same line of inquiry. Whereupon, the court permitted the witness to state what W. E. Moore said. In the circumstances appellant's objection to the testimony was waived, and the court did not err in permitting the witness to answer.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.