## Crook v. Blackburn, Sheriff, et al.

(Decided Nov. 1, 1932.)

R. W. LISANBY for appellant.
M. P. ELDRED and C. A. PEPPER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—.
Affirming.

On October 17, 1930, R. C. Stevens instituted an action in the Caldwell circuit court against S. L. Crook, Mrs. R. E. Crook, H .C. Rawls, and Mrs. H. C. Rawls, seeking to recover on two notes executed by Messrs.

406

Crook and Rawls and representing deferred payments on lands which he had conveyed to them with lien retained to secure payment of same. After all the defendants had been served with process, but before they had filed any answer or other pleading, the plaintiff filed an amended petition alleging that the lands in lien had so depreciated in value that enough could not be realized from a sale thereof to satisfy plaintiff's debt, and that the makers of the notes were insolvent, and asking for a general order of attachment against them. No summons issued on the amended petition, but the general order of attachment which issued thereon was placed in the hands of Press J. Blackburn, sheriff of Caldwell county, who, after taking an indemnifying bond, levied same upon certain personal property, including a Hudson automobile, some cattle and hogs. All the attached property was left in the custody of the defendant S. L. Crook. All the defendants joined in a general demurrer to the petition, and defendants Mr. and Mrs. Rawls filed answer agreeing that the lands be sold and proceeds applied to payment of the lien notes sued on. After the lands had been sold under judgment of the court, and it was found that the sum realized was not sufficient to satisfy the judgment, an order was entered directing the sheriff to take possession of and sell the attached personal property.

Proceeding under the orders of the court, the sheriff had taken possession of some of the attached property when Mrs. R. E. Crook instituted this action against him and the surety on his official bond, alleging in her petition that she was the owner and entitled to the immediate possession of the Hudson automobile and certain cattle and hogs which had been levied upon and taken by the sheriff under the attachment and which were specifically described in the petition. And, having made all other necessary allegations and the bond in conformity with the provisions of the Civil Code Practice (section 180 et seq.), she procured an order of delivery to issue, under which the property described in the petition was taken from the possession of the sheriff and delivered to her.

Defendants demurred to the petition, and, without waiving the demurrer, filed answer which, in addition to denying the allegations as to plaintiff's ownership of the property and the wrongful taking and detention of same by the sheriff, affirmatively alleged in substance

that the property was taken under the attachment, judgment, and orders of the court in the action hereinbefore referred to and in which Mrs. Crook was a party defendant and had full notice of all steps taken therein; that, with such notice and knowledge of the levy of the attachment and the subsequent orders sustaining same and ordering the property sold, she interposed no objection, asserted no claim to any of the property involved, and that, by reason of her failure to make objection or exception or to assert any claim to the property in that action, she is barred by the judgments and orders therein.

At the close of the evidence heard on the issues as completed by reply traversing the affirmative allegations of the answer, the jury at the direction of the court returned a verdict for the defendants, and this appeal calls in question the correctness of the judgment entered in conformity with that verdict.

The court's reasons for sustaining the motion for a peremptory instruction are not shown by the record nor specifically referred to in briefs. However, the briefs for respective parties discuss at length the sufficiency of the evidence to sustain appellant's claim of ownership of the property involved and her right to maintain this action.

It is insisted by appellee that appellant's evidence of ownership of the automobile is not sustained, but, on the contrary, is refuted by the registration and transfer records in the county court clerk's office. However, in the case of Moore et al. v. Wilson, 230 Ky. 49, 18 S. W. (2d) 873, it was held that the statute relating to the registration and sale of motor vehicles was a police measure, regulatory in character, and that compliance or noncompliance with its provisions is not conclusive of the question of ownership, but evidence as to such records is competent to be considered by a jury in connection with other evidence bearing on the question in determining an issue as to ownership. See also 248 Ky. 543, 59 S. W. (2d) 1.

While the evidence of appellant and others as to her ownership of the automobile and other property in question is not as persuasive as it might be, it is in our opinion sufficient to take the case to the jury on that issue.

On the question of appellant's right to maintain this independent action against the sheriff and the surety on his bond, it is argued by counsel for appellees that section 29 of the Civil Code of Practice is exclusive as to a claimant of property who is a party to the action. That section, in so far as pertinent, provides in substance that, in an action for the subjection of property to a demand of the plaintiff under attachment or other lien, any person claiming a right to or interest in such property may, before payment of the proceeds to the plaintiff, file in the action a verified petition stating his claim and controverting that of plaintiff.

It is further argued that, appellant having failed to assert her claim in the Stevens suit as provided in this section of the Code before the judgment was entered sustaining the attachment and ordering the sale of the property attached, she is now under the res judicata rule barred from asserting it.

It is apparent that the only necessity for making Mrs. Crook a party defendant to the Stevens suit was to divest her of any right of dower she might have in the lands sought to be subjected. No other relief was sought or could be had against her. And, even if it be granted that attorneys for appellees are correct in asserting that, by reason of the fact that she was served with process on the original petition and joined her codefendants in a demurrer to the petition, she was charged with knowledge of the amended petition, the relief sought therein, and the subsequent orders of the court, there is nothing in the pleadings, attachment, notice of levy or orders of the court to show or even raise a reasonable inference that individual personal property of appellant had been or would be levied upon under the general order of attachment against Messrs. Crook and Rawls or subjected to the payment of the judgment against them. And, so far as the record discloses, she had no notice, actual or constructive, that such had or would be done until the sheriff took possession of the property for the purpose of selling same. In such circumstances, we conclude that she was not precluded by the judgment from seasonably asserting her claim to the property after learning that it had been taken under attachment.

Coming to the contention that appellant should have pursued her remedy by appropriate pleading in the Stevens suit rather than by independent action against

the sheriff, we deem it unnecessary to enter into an extended discussion of the Code provisions, to which reference has been made, in its application to varying circumstances and conditions. When appellee learned that the property to which she makes claim had been levied upon and ordered sold, she knew that Mr. Stevens was asserting a claim adverse to her, and that their respective rights and claims could not be finally determined in her action against the sheriff. Manifestly it was her duty to assert her alleged claim by proper pleading in the suit where the ownership of the property was involved and where the conflicting claims of the parties to the action could be fully and finally determined.

For the reasons indicated, and without prejudice to the right of appellant to assert her claim in the Stevens suit, the judgment is affirmed.